**Louis H. MAYERS, Plaintiff,**

v.

**CITIES SERVICE OIL COMPANY, Defendant.**

**MERRILL GAS COMPANY, Defendant and Third Party Plaintiff,**

v.

**MONTGOMERY WARD & CO., Incorporated, Third Party Defendant.**

**Civ. A. No. 6450.**

United States District Court
E. D. Wisconsin.

Feb. 14, 1957.

Jesse J. Habush, Milwaukee, Wis., for plaintiff.

F. H. Prosser, Suel O. Arnold, Thomas B. Fifield, Milwaukee, Wis., for defendants.

GRUBB, District Judge.

This matter is before the court on the motion of the third party defendant, Montgomery Ward & Co., Incorporated, for summary judgment, and on the motion of the defendant and third party plaintiff, Merrill Gas Company, to be permitted to amend its amended third party complaint.

The action was brought to recover damages for injuries sustained as a result of burns from bottled propane gas. The chief ground for recovery alleged is that the bottled gas lacked odorant which was claimed to be negligence on the part of the defendant, and in violation of a safety order of the Industrial Commission of Wisconsin.

It appears that, for some time prior to the events referred to in the complaint, the third party defendant sold

bottled gas which it procured from the defendant. On or about the 16th of July, 1952, the third party defendant sold to the third party plaintiff its bottled gas business by virtue of a contract in writing. Thereafter, third party defendant, during the period of transition, took orders for bottled gas from its former customers and passed these orders on to the third party plaintiff, third party defendant acting, practically speaking, as a bookkeeper in the transactions. Third party defendant in the agreement of July 16, 1952, agreed to procure from its customers "lease and release signed by the customer". The agreement was made with the Merrill Gas Company, which was closely affiliated with the Rural Gas Company and under the same ownership or management.

The so-called "lease and release" agreement, attached as an exhibit to the proposed amendment to the amended third party complaint, contains a provision in paragraph 4 to the effect that Rural Gas Company "shall not be liable for any damage to property or injury to persons resulting from the use or handling of Rural bottled gas equipment or Rural bottled gas cylinders". These proposed agreements were to be signed by the customers, not by third party defendant.

There is some confusion in the record on the motion for summary judgment, as to whether the third party defendant handled, owned or had any control over the gas cylinders at the time of the accident and injuries. Counsel for third party plaintiff was asked, on the oral argument, to point out anything in the record which would indicate that third party defendant had exercised any control over the selection, filling or delivery of the bottled gas to the plaintiff, or any control in any manner over the bottling of the gas, or that third party defendant had handled the cylinders. Counsel for third party plaintiff has been unable to point out any such evidence in the record. Therefore, notwithstanding the fact that the

motion papers themselves may not be clearly conclusive in that respect and are subject to some ambiguity, the court takes the failure of counsel to point out any such evidence in the record as indicating that there is no such evidence in the record.

Based upon that assumption, the third party defendant had nothing to do with this gas whatever at the time in question, excepting that it may have acted as a bookkeeper for third party plaintiff. Such act alone would not make it liable to third party plaintiff, whose responsibility it was to bottle, deliver and handle the cylinders. It is inconceivable that the bookkeeper could be liable for any negligence of the bottler and seller.

In the proposed amendment to the amended third party complaint, the third party plaintiff seeks to set up the failure of third party defendant to procure the "lease and release" agreement from the customer for third party plaintiff. The theory seems to be that if the third party defendant had procured this "lease and release" agreement from the customer, then the defendant and third party plaintiff, Merrill Gas Company, would not be liable to the plaintiff in this action. Plaintiff has asserted no claim against the third party defendant, so the question, if any, of its liability to the plaintiff is not directly before the court.

Third party plaintiff has had two previous pleadings. It comes with this motion at a very late date in the litigation. The rule is that leave to amend "shall be freely given when justice so requires". Rule 15(a) of Federal Rules of Civil Procedure, 28 U.S.C.A. Third party plaintiff is relying principally upon the case of Cernohorsky v. Northern Liquid Gas Co., 268 Wis. 586, 68 N.W. 2d 429, for the proposition that if this agreement had been procured, third party defendant, Merrill Gas Company, would not be liable to the plaintiff.

It is the court's opinion that the Cernohorsky decision is not an authority for such proposition. The court there

states that it is not confronted with any question as to the right which the injured person would have against the Pure Oil Company. The agreement there in question was between the Pure Oil Company and Northern Liquid Gas Company, whereby, if Northern Liquid Gas Company were to hold Pure Oil Company, it must have complied with a condition precedent of giving Pure Oil Company notice, which was not done. There plaintiff was not making claim against Pure Oil Company. The court in that case held that as between the immediate parties, such an agreement was valid and not void as against public policy.

 Basically, one cannot validly contract in Wisconsin to be relieved from the results of his own negligence. In Fox v. Postal Telegraph-Cable Co., 1909, 138 Wis. 648, 653, 120 N.W. 399, 401, 28 L.R.A.,N.S., 490, involving somewhat different facts, it was stated:

> "The stipulation against responsibility for negligence, as we have seen, would be void in a Wisconsin contract by the settled unwritten law of the state supposed to be reasonably necessary for the protection of our citizens and all persons submitting to our laws or invoking their aid through the instrumentality of our courts."

There may be some exceptions to that rule which are not here involved.

 The court being of the opinion that there would be a very grave question as to whether the "lease and release" agreement would have absolved the third party plaintiff from its liability to plaintiff in this case, that it probably would not have done so, that all of the active negligence and violation of the safety orders (alleged in the complaint) were by defendant or defendants, that none were by the third party defendant, that the third party defendant had no control over this operation beyond the possibility of keeping some books, and the late date the motion is made after two previous pleadings drawn by experienced counsel, the motion to amend the amended third party complaint is denied.

The motion of third party defendant for summary judgment dismissing the amended third party complaint is granted.

Counsel for the third party defendant may prepare orders in accordance herewith, submitting them to counsel for third party plaintiff for approval as to form only.